UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HEATH ANDREW MELVIN,

    Plaintiff,

v.                                             Case No: 6:16-cv-2109-Orl-DNF

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

**OPINION AND ORDER**

Plaintiff, Heath Andrew Melvin, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and Disability Insurance Benefits ("DIB"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint legal memoranda setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A.  Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The

impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that he is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, he will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit his physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that his impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If he meets this burden, he will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that his impairment meets or equals one of the impairments listed in Appendix 1, he must prove that his impairment prevents him from performing his past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of his past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform his past relevant work, then he will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, he will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200,

1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that he is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

**C. Procedural History**

On May 11, 2009, Plaintiff filed an application for a period of disability and DIB, alleging disability since June 6, 2008. (Tr. 116-122). The claim was denied initially on August 28, 2009, and upon reconsideration on February 25, 2010. (Tr. 63-65, 67-68). Plaintiff requested a hearing, which was held on May 19, 2011, before Administrative Law Judge ("ALJ") Joseph L. Brinkley. (Tr. 18-54, 69, 386-417, 454-490). On July 26, 2011, the ALJ found Plaintiff not disabled. (Tr. 8-17, 418-427). Plaintiff requested review of the hearing decision. (Tr. 7, 452). On May 13, 2013, the Commissioner's Appeals Council denied the request for review. (Tr. 1-6, 428-433). Plaintiff appealed that decision to the United States District Court for the Middle District of Florida, Orlando Division. On January 21, 2014, the Commissioner filed an unopposed motion to remand Plaintiff's case pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. (Tr. 435). On February 10, 2014, this Court entered an Order granting the motion to remand. (Tr. 437-438). Judgment was entered on February 11, 2014. (Tr. 439-440). On April 8, 2014, the Appeals Council remanded the case back to an ALJ for further proceedings. (Tr. 441-446).

A second hearing was held on August 20, 2014, before ALJ Janet Mahon. (Tr. 356-385, 829-858). On December 15, 2014, the ALJ found Plaintiff not disabled. (Tr. 337-355, 794-812).

Plaintiff appealed that decision to the United States District Court for the Middle District of Florida, Orlando Division. On August 20, 2015, the Commissioner filed an unopposed motion to remand Plaintiff's case pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. (Tr. 785-787). On August 21, 2015, this Court entered an Order granting the motion to remand. (Tr. 782-784). Judgment was entered on August 24, 2015. (Tr. 780-781). On January 7, 2016, the Appeals Council remanded the case back to an ALJ for further proceedings (Tr. 788-792).

A third administrative hearing was held on August 11, 2016, before ALJ Mahon (Tr. 766-779). At the hearing, Plaintiff requested a closed period of disability from June 6, 2008 through December 31, 2013. (Tr. 769). On October 5, 2016, the ALJ found Plaintiff not disabled. (Tr. 744-765). Plaintiff waited sixty-one days for the ALJ's decision to become the final decision of the Commissioner and this appeal followed (Doc. 1). The parties having filed a joint memorandum setting forth their respective positions, this case is ripe for review.

**D. Summary of the ALJ's Decision**

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 6, 2008, the alleged onset date. (Tr. 749). At step two, the ALJ found that Plaintiff had the following severe impairments: loss of cervical lordosis/spine disorder. (Tr. 750). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 750).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC"), through the date last insured, to perform

> within the range of sedentary work as defined in 20 CFR 404.1567(a) except could lift and carry up to 10 pounds occasionally and less than 10

> pounds frequently. The claimant could sit for six hours out of an eight-hour workday and stand and/or walk for two hours out of an eight-hour workday. The claimant could perform only occasional pushing/pulling with lower extremity. The claimant could occasionally climb but never climb ladders, ropes, or scaffolds. The claimant could occasionally balance, stoop, kneel, crouch, and crawl. The claimant should have avoided even moderate exposure to hazards including dangerous machinery and unprotected heights.

(Tr. 750-51). At step four, the ALJ found that Plaintiff, through his date last insured, was unable to perform his past relevant work as an airplane flight attendant. (Tr. 756).

At step five, the ALJ relied on the testimony of a vocational expert to find that, through Plaintiff's date last insured, considering Plaintiff's age, education, work experience, and RFC, there are jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 757). Specifically, the ALJ found that Plaintiff could perform such occupations as order clerk, charge account clerk, and telephone solicitor. (Tr. 757). The ALJ concluded that Plaintiff had not been under a disability from June 6, 2008 the alleged onset date, through June 30, 2011, the date last insured. (Tr. 758).

## II. Analysis

Plaintiff raises two issues on appeal: (1) whether the ALJ erred by failing to comply with the Court's Remand Order and the Appeals Council's Remand Order with respect to Dr. Karumanchi's opinion; and (2) whether the ALJ erred by failing to properly evaluate Plaintiff's allegations of pain and limitations. The Court will address each issue in turn.

**A) Whether the ALJ erred by failing to comply with the Court's Remand Order and the Appeals Council's Remand Order with respect to Dr. Karumanchi's opinion.**

On August 21, 2015, the Court entered an Order reversing and remanding Plaintiff's case for further administrative proceedings. (Tr. 782-784). The Commissioner had requested a voluntary remand for an ALJ to, in relevant part, "further evaluate the opinion from Plaintiff's

treating physician, Dr. Rama Karumanchi, M.D." (Tr. 785). On January 7, 2016, the Appeals Council issued a "Notice of Order of Appeals Council Remanding Case to Administrative Law Judge" (Tr. 788-792). The Order noted that the ALJ's decision:

> did not adequately evaluate the opinion of treating physician, Rama Karumanchi, M.D. . . . The decision indicated that certain aspects of Dr. Karumanchi's opinion are consistent with the residual functional capacity and given some credit (Decision, page 5). The decision specifically mentioned limitations on lifting and carrying, standing and walking, pushing and pulling, and climbing (Decision, page 5). The decision rejected the sitting limitation – less than two hours without interruption – because there was "no evidence of vertebral fracture or nerve root compression that could cause the degree of pain and restrictions that would result in such restrictions that would result in such a restriction" (Decision, page 5). Dr. Karumanchi explained that the sitting restriction is due to the cervical spine and herniated nuclear pulposus causing pain and inflammation of the spine, as evidenced on an MRI scan (Exhibit 12F, page 2). The record contains an MRI scan of the cervical spine performed on July 21, 2010 at the request of Dr. Karumanchi; this MRI revealed disc herniations and bulges at C5-6 and C6-7 causing mild central canal stenosis (Exhibit 10F, page 2). In addition, the MRI showed bilateral facet hypertrophic changes causing mild to moderate bilateral neural bilateral neural foraminal stenosis (Exhibit 10F/2). The decision did not address Dr. Karumanchi's rationale. . . . In addition, while the decision indicated that Dr. Karumanchi's opinion that the claimant is unable to climb is consistnet [sic] with the residual functional capacity, the claimant was found to be capable of occasional climbing, but never ladders, ropes or scaffolds (Decision, page 4). However, the decision did not explain the inconsistency or otherwise specify the evidence supporting this limitation. Lastly, the decision did not address Dr. Karumanchi's opinion regarding the claimant's ability to reach, handle or feel.

(Tr. 790-791). The Appeals Council's remand order provided that upon remand the ALJ will "[g]ive further consideration to the treating source opinions pursuant to the provisions of 20 CFR 404.1527 and Social Security Rulings 96-2p and 96-5p, and explain the weight given to such opinion evidence" and "[g]ive further consideration to the claimant's residual functional capacity and provide appropriate rationale with specific references to evidence of record in support of the assessed limitations. . ." (Tr. 791).

Plaintiff argues that although the ALJ summarized Dr. Karumanchi's opinion and included a lengthy evaluation of the opinion, the ALJ again failed to properly evaluate the opinion in accordance with the remand order. (Doc. 15 p. 12). In particular, Plaintiff argues that the ALJ improperly found that Plaintiff's medical record did "not show repeated hospitalizations or aggressive forms of therapy (such as surgery) that would be expected if he experienced severe, persistent, and unremitting pain." (Doc. 15 p. 12) (citing Tr. 752). Plaintiff contends that Dr. Karumanchi's treatment notes revealed treatment modalities that are offered by pain clinics. (Doc. 15 p. 12). Further, Plaintiff argues that the ALJ cherry picked the evidence in order to reject Dr. Karumanchi's opinion regarding Plaintiff's limitations in his ability to reach, feel, handle, push and pull. (Doc. 15 p. 13). Finally, Plaintiff argues that the ALJ improperly substituted her opinion for that of Plaintiff's treating physician when she found that there was "no evidence of vertebral fracture or nerve root compression that could cause the degree of pain and restrictions that would result in such a restriction of not being able to sit up to 2 hours total in an 8-hour workday" and that Dr. Karumanchi's opinion that Plaintiff should never climb "should be given little weight based upon the comments mentioned above and finds a more reasonable interpretation of the claimant's ability should be limited to only occasional climbing." (Doc. 15 p. 15) (citing Tr. 752).

In response, Defendant argues that the ALJ adequately complied with the Appeals Council's remand order by properly considering Dr. Karumanchi's opinion. (Doc. 15 p. 16).

In her decision, the ALJ addressed the opinion of Dr. Karumanchi as follows:

> On March 28, 2011, Dr. Karumanchi completed a questionnaire regarding the claimant's residual functional capacity (Ex. 12F). He opined the claimant could lift and carry ten pounds occasionally and seven pounds frequently. Dr. Karumanchi also opined the claimant could stand/walk for two hours without interruption in an eight-hour workday and sit for less than two hours in an eight-hour workday. Additionally, he opined the claimant could never climb, stoop, kneel, balance, crawl, and crouch.

Further, he noted the claimant had limitations with reaching, feeling, handling, reach, and pushing/pulling (Ex. 12F).

As subject to the current pending appeal, the Appeals Council noted the undersigned did not address Dr. Karumanchi's rationale for his opinion as it relates to the pain and inflammation of the spine from the claimant's cervical spine and herniated nuclear pulposus (see Ex. 9A, p.3). Dr. Karumanchi referred to an MRI taken in July of 2010, which is approximately two years after his work related job injury. Although the claimant's spinal condition may be expected to produce mild chronic pain or discomfort, the medical record does not show repeated hospitalizations or aggressive forms of therapy (such as surgery) that would be expected if he experience severe, persistent, and unremitting pain. Instead, in review of Dr. Karumanchi's treatment notes, it appears the claimant routinely underwent conservative treatment such as electric stimulation, therapy massage, therapy exercise, and hot pack. Further, as noted elsewhere in this decision, the claimant was not cooperative in submitting additional evidence regarding his functional reports or pain questionnaires despite multiple attempts (see Ex. 7F). Thus lacking this additional evidence in comparison to Dr. Karumanchi's records, the undersigned has not been able to consider fully whether the claimant's medically determinable impairments could reasonably be expected to produce the intensity, persistence, and limiting effects of the symptoms on the claimant's ability to perform work-related activities and limit him to the function-by-function analysis submitted by Dr. Karumanchi. Additionally, the undersigned refers to Dr. Philippe Mazure's records that showed in 2008, that the cervical foraminal compression test was negative; George's test was negative; manual muscle testing of the upper extremities did not suggest any obvious motor impairment; upper extremity deep tendon reflexes were brisk and symmetrical; and upper extremity sensory appeared intact (Ex. 11F, p.2). A consultative examiner performed this examination of the claimant in 2008, subsequent to the work-related injury. Based upon this additional objective evidence, the undersigned assigns very little weight to the portion of Dr. Kar umanchi's opinion related to the claimant's ability to reach, handle, or feel. As noted previously in the prior decision, certain aspects of Dr. Karumanchi's opinion are consistent with the residual functional capacity contained herein and is given some credit, e.g. lifting and carrying restrictions, pushing and pulling, and standing and walking restriction. However, the physician found the claimant would not be able to sit for less than two hours in an eight-hour workday. The undersigned found there is no evidence of vertebral fracture or nerve root compression that could cause the degree of pain and restrictions that would result in such a restriction of not being able to sit up to 2 hours total in an 8-hour workday. The undersigned also finds the portion of the opinion that precludes the claimant from never climbing should be given little weight based upon the

> comments mentioned above and finds a more reasonable interpretation of
> the claimant's ability should be limited to only occasional climbing.

(Tr. 751-52).

The regulations provide that an ALJ shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order. *See* 20 C.F.R. § 404.977(b). In this case, the Court finds that the ALJ adequately complied with the Appeals Council's remand order by thoroughly reviewing and evaluating Dr. Karumanchi's opinion and the ALJ's evaluation is supported by substantial evidence. While Plaintiff takes issue with the ALJ's consideration of Dr. Karumanchi's opinion that Plaintiff was limited due to pain and inflammation of Plaintiff's cervical spine and herniated nuclear pulposus, the ALJ's decision shows that she properly discussed and considered this aspect of Dr. Karumanchi's opinion. (Tr. 752). The ALJ acknowledged the July 2010 MRI cited by Dr. Karumanchi and found while the record supported a mild chronic pain or discomfort, it did not support the level of limitations as indicated by Dr. Karumanchi. (Tr. 752). For example, the ALJ pointed out that the record showed Plaintiff was treated with routine and conservative treatment, which is not what would be expected for the level of limitations indicated by Dr. Karumanchi. (Tr. 752). The ALJ noted Plaintiff did not have any repeated hospitalizations or aggressive forms of therapy. (Tr. 752). In addition, the ALJ pointed out that Dr. Karumanchi's own notes indicate Plaintiff underwent conservative treatment such as electric stimulation, massage, exercise and use of hot packs. (Tr. 291-95, 752).

Further, the Court finds no error in the ALJ noting that Plaintiff failed to cooperate in submitting any additional functional reports or pain questionnaires. (Tr. 752). As Defendant notes, despite Plaintiff's claim that the SSA was using Plaintiff's "old address," the record shows the

agency made several attempts to contact Plaintiff by phone and mail and tried to contact his representative directly, who should have had his contact information. (Tr. 27, 287).

Finally, as to Plaintiff's arguments regarding Dr. Karumanchi's opinion as to Plaintiff's ability to climb, even if substantial evidence did not support the ALJ's finding concerning Plaintiff's ability to climb, remand is not appropriate. None of the jobs identified by the VE, i.e. order clerk, charge account clerk, or telephone solicitor, require any climbing. Plaintiff failed to meet his burden in showing that he could not perform the jobs identified by the VE.

**B) Whether the ALJ erred by failing to properly evaluate Plaintiff's allegations of pain and limitations.**

Plaintiff argues that the ALJ improperly evaluated Plaintiff's allegations of pain and limitations by only considering the objective medical evidence contrary to Social Security Regulation (SSR) 96-7p. (Doc. 15 p. 21). Defendant argues that the ALJ properly considered Plaintiff's subjective complaints of disabling symptoms, together with the other evidence, in assessing Plaintiff's RFC. (Doc. 15 p. 22).

The Eleventh Circuit three-part pain standard that applies whenever a claimant asserts disability through testimony of pain or other subjective symptoms requires (1) evidence of an underlying medical condition and either (2) objective medical evidence confirming the severity of the alleged pain arising from that condition, or (3) that the objectively determined medical condition is of such a severity that it can be reasonably be expected to cause the alleged pain. *Foote v. Charter*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Kelly v. Apfel*, 185 F.3d 1211, 1215 (11th Cir. 1999). After considering claimant's subjective complaints, the ALJ may reject them as not credible, and that determination may be reviewed for substantial evidence. *Marbury v. Sullivan*, 957 F.2d 837 (11th Cir. 1992). If the objective medical evidence does not confirm the severity of the alleged symptoms, but indicates that the claimant's impairment could reasonably be expected

to produce some degree of pain and other symptoms, the ALJ evaluates the intensity and persistence of the claimant's symptoms and their effect on his ability to work by considering the objective medical evidence, the claimant's daily activates, treatment and medications received, and other factors concerning functional limitations and restrictions due to pain. *See* 20 C.F.R. § 404.1529.

In this case, contrary to Plaintiff's argument, the ALJ did not solely rely on the objective medical evidence in determining Plaintiff's condition was not as limiting as he alleged. (Tr. 753-56). The ALJ discussed the medical evidence, in addition to the objective medical evidence, that did not support Plaintiff's allegations. (Tr. 753-56). For example, the ALJ correctly found Plaintiff's routine and conservative treatment provides evidence that his condition was not as limiting as he alleged. (Tr. 753-56). Further, the ALJ properly considered Plaintiff's activities in evaluating his claim. (Tr. 754). Although not dispositive, a claimant's activities may show that the claimant's symptoms are not as limiting as she alleged. *See* 20 C.F.R. § 404.1529(c)(3)(i). The ALJ correctly noted that Plaintiff reported very little activities of daily living, however, his assertions could not be objectively verified. (Tr. 754). The ALJ also noted that while Plaintiff testified at the most recent hearing in August 2016 that nothing had changed since the period at issue in case June 6, 2008 through January 31, 2013, the evidence shows Plaintiff was able to do some work in 2013 and return to work as a flight attendant at the SGA level from 2014 through the hearing. (Tr. 754, 774-75). The fact that Plaintiff was able to work at a medium level job when he alleged no changes in his condition and that he could still only stand and/or walk ten to fifteen minutes, he could not stand for very long, and he must lay down, does not support his allegations he was disabled prior to January 31, 2013. (Tr. 774-75). Given the record as a whole, substantial

evidence supports the ALJ's determination that Plaintiff's subjective complaints of disabling limitations were not entirely credible.

As Defendant notes, SSR 96-7p had been superseded by SSR 16-3p at the time of the ALJ's decision. *See* SSR 16-3p. SSR16-3p provides that while "we will not disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does no substantiate the degree of impairment-related symptoms alleged by the individual," objective medical evidence is still a useful indicator to help make reasonable conclusions about how Plaintiff's allegations may affect their ability to work. *See* SSR 16-3p. Thus, "a report of minimal or negative findings or inconsistencies in the objective medical evidence is one of the many factors we must consider in evaluating the intensity, persistence, and limiting effects of an individual's symptoms." *See* SSR 16-3p.

Here, Plaintiff has failed to show that the ALJ erred by violating SSR 16-3p. The Court will not disturb the ALJ's findings on appeal and finds it appropriate.

**III. Conclusion**

The decision of the Commissioner is **AFFIRMED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on March 9, 2018.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties